IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| APEX OIL COMPANY, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) Case No. _____ |
| Defendant. | ) **JURY TRIAL DEMANDED** |
| Service: | ) |
| United States Attorney Richard Callahan<br>Eastern District of Missouri<br>Thomas Eagleton U.S. Courthouse<br>111 S. 10th St. 20th Floor<br>St. Louis, Missouri 63102 | ) |
| Attorney General Loretta E. Lynch<br>United States Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001 | ) |

**COMPLAINT**

Plaintiff Apex Oil Company, Inc. ("Apex"), by and through its undersigned counsel, for its Complaint against Defendant United States of America, states and alleges as follows:

1. This action is for the recovery of federal income tax penalties pursuant to Sections 6721 and 6722 of the Internal Revenue Code that were erroneously, illegally, and improperly assessed and collected from Apex for the tax year ending December 31, 2003. Defendant United States has brazenly disregarded Apex's due process rights, and has pursued the assessment and collection of tax and penalties in a manner calculated to frustrate Apex's ability to recover the improperly and illegally collected penalties.

## THE PARTIES

2. Plaintiff Apex is a Missouri corporation that has its principal place of business at 8235 Forsyth Boulevard, Suite 400, Clayton, Missouri 63105-1621. Its affiliates and subsidiaries are engaged in merchant trading, wholesale marketing and terminalling of petroleum and various types of petroleum products, including light refined products, heavy refined products, liquid petroleum gases and natural gas.

3. Defendant is the United States of America.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1) because this action is brought against the United States seeking the recovery an internal revenue penalty that was improperly and illegally collected under the internal revenue laws.

5. This Court is the proper venue for this action pursuant to 28 U.S.C. §§ 1396 and 1402(a)(2), because this is an action against the United States and this is the judicial district in which is located Apex's principal place of business.

## PROCEDURAL BACKGROUND

6. On October 19, 2007 the Internal Revenue Service (the "Service") sent Apex a Letter 950-C ("30 Day Letter") informing Apex of the Service's intent to make changes to Apex's employment tax payments for tax years 2003, 2004, and 2005. Specifically, the Service proposed to reclassify an employee of a consulting firm that provided services to Apex as an Apex employee and, as a result, determined that Apex failed to make and/or withhold proper employment tax payments pursuant to Internal Revenue Code Sections 3101, 311, and 3402. The proposed adjustments also included imposition of penalties pursuant to, *inter alia*, Internal Revenue Code Sections 6721 and 6722.

7.     On January 17, 2008 Apex filed its response to the 30 Day Letter, in which it disagreed with the proposed adjustments, including the imposition of penalties under Sections 6721 and 6722.

8.     On March 28, 2008 the Service confirmed that Apex's case had been referred to its Appeals Office for potential resolution. Cases are referred to the Appeals Office in an effort to resolve without litigation all proposed adjustments outlined in a Letter 950-C. For Apex, that would include the proposed Section 6721 and 6722 penalties.

9.     On April 7, 2008 the Service sent Apex a notice indicating that it had formally assessed the proposed penalties pursuant to Section 6721. The notice from the Service gave Apex until April 23, 2008 to respond. Apex responded in writing on April 16, 2008 informing the Service that its case, including the proposed Section 6721 penalties, was currently with the Appeals Office. On June 23, 2008 the Service sent a notice formally assessing the proposed Section 6722 penalties. Apex responded on July 7, 2008 again informing the Service that the penalties should not be assessed because the issue was currently with the Appeals Office.

10.    The Service assessed the Section 6721 and 6722 penalties even though the Appeals Office was still considering Apex's response to the 30 Day Letter, and even though the Service had not yet issued a formal Notice of Determination of Worker Classification. Put another way, the Service had not yet formally made the factual determination about the employment status of Apex's consultant that would have justified the imposition of the penalties.

11.    Through the remainder of 2008 the Service proceeded to collect improperly and illegally the Section 6721 and 6722 penalties by, *inter alia*, seizing overpayments Apex made on certain excise taxes throughout 2008. By the end of 2008 the Service had seized illegally and

3

improperly funds sufficient to pay the total penalty amounts for tax years 2004 and 2005, as well as some of 2003.

12. On November 20, 2009 the Service issued a Notice of Determination of Worker Classification, Letter 3523 (the "Notice"), formally determining that Apex failed to properly withhold and/or pay employment taxes for an Apex consultant that the Service determined was an Apex employee. Importantly, the Notice did not purport to assess the Section 6721 and 6722 penalties.

13. On February 16, 2010 Apex timely filed a petition in the tax court challenging the Notice, *Apex Oil Company, Inc., v. Commissioner of Internal Revenue*, No. 3707-10 ("Apex I"). This case remains pending while the Appeals Office attempts to resolve the residency status of the Apex consultant in a related tax case.

14. On November 12, 2012, *four years* after the last improper collection of penalties, the Service continued its wrongful collection of penalties that were improperly assessed against Apex by sending another Notice of Intent to Levy for the remaining 2003 penalty amounts. In this notice the Service disclosed that it intended to seize $660,125.44 from Apex's excise tax overpayments.

15. On November 19, 2012 Apex remitted to the United States Treasury a check for $660,125.44 to satisfy the amount that would have otherwise been seized from its excise tax accounts.

16. On March 15, 2013 Apex filed with the Service Form 843 – Claim for Refund and Request for Abatement, seeking to recover $786,570 of improperly assessed penalties for the tax year ending December 31, 2003. In an attachment to the Form 843, Apex explained that the penalties imposed by the Service had "not been properly assessed," in part because the penalties

4

were assessed before the Service made a final determination that Apex had made improper employment tax filings for the relevant tax years, and also because the Service improperly denied Apex's request for a Due Process hearing on the imposition and collection of the penalties. Apex also reiterated its position that all of the proposed taxes and penalties were "without merit" as explained in the protest filed with the Appeals Office.

17.     On March 18, 2013 Apex wrote to the Service inquiring about the status of its refund request. On June 21, 2013 the Service responded by stating that it had not resolved the matter because it had not completed all the research necessary for a complete response. The Service promised a further written response in 45 days.

18.     On August 7, 2013 the Service sent another letter informing Apex that it was unable to provide a complete response because it had not yet completed research into Apex's claim "due to heavy workload."

19.     On August 20, 2013 the Service sent a third letter informing Apex that it was unable to process Apex's refund claim because the underlying tax assessment, as well as imposition of other penalties, was being reviewed by the Appeals Office, and, as a result, the files were not available for review. The Service confirmed that the "Civil Penalty for the tax year ended December 31, 2003 is paid in full at this time."

20.     At no time did the Service formally disallow Apex's March 15, 2013 refund claim.

21.     Apex is bringing this suit more than six months after filing its Form 843 for penalties related to the 2003 tax year, and less than two years after the last communication from the Service stating that it could not process that claim.

## FACTUAL ALLEGATIONS

22. In the 30 Day Letter, and again in the Notice, the Service alleged that Apex failed properly to withhold and remit certain payroll and other employment taxes because it failed to treat a consultant as an employee for tax purposes.

23. In 2002 Apex's chief executive officer, Paul Novelly, relocated to the United States Virgin Islands. As part of this relocation he formed a management company, St. Albans Global Management LLP ("St. Albans") to oversee his various business interests. As part of this arrangement, St. Albans entered into management contracts with a number of companies through which Mr. Novelly and others would provide management and consulting services. Apex and St. Albans entered into one such contract.

24. The Service argues that St. Albans's management contracts, including its contract with Apex, were "step/sham transactions" devoid of economic substance. As a result, it argues that Apex should have treated Mr. Novelly as an employee. The Service further argues that, because Mr. Novelly was an Apex employee, Apex failed to pay required employee withholding and file proper employee tax forms.

25. As explained in great detail in the Apex I petition (attached as Exhibit A), including the allegations from Paragraphs 5 through 6.162 which are expressly incorporated herein, the Service is wrong. At all relevant times Mr. Novelly was a *bona fide* resident of the Virgin Islands and an employee of St. Albans. For these reasons, Mr. Novelly was not an employee of Apex, and Apex did not fail to withhold and pay employment and other taxes.

26. The Service may impose penalties under 26 U.S.C. § 6721 where a taxpayer fails to file with the Service an information return,[1] or fails to include all of the required information on such a return. This penalty is increased where the failure is intentional. *Id.* Similarly, the

---

[1] An information return is a tax document used to report certain types of payments, including, for

6

Service may impose penalties under 26 U.S.C. § 6722 where an entity fails to provide a payee statement (i.e. a Form W-2) to an employee, or provides one that is incorrect or incomplete.

27. The Service assessed and collected penalties under Sections 6721 and 6722 because it erroneously argues that Apex was required to treat Mr. Novelly as an employee, and, as a result, file a Form W-2 with the Service and provide that form to Mr. Novelly. Because Mr. Novelly was not an Apex employee, Apex was not required to take those steps. As a result, Apex is not subject to penalties under these sections.

28. The Section 6721 and 6722 penalties also were assessed improperly and illegally assessed because the Service assessed and collected these penalties while Apex was challenging the underlying determination of Mr. Novelly's employment status, on which the penalties were based. This premature action deprived Apex of its due process rights, including its right to have the applicability of the penalties adjudicated by the Appeals Office and the United States Tax Court.

## COUNT I – Claim for Refund

(26 U.S.C. § 7422)

29. Apex restates and realleges the allegations set forth in Paragraphs 1 through 28 as if fully set out herein.

30. The Service's assessment of the Section 6721 and 6722 penalties against Apex for tax year 2003 and in all amounts stated in Paragraph 16 herein was erroneous.

31. Mr. Novelly was a *bona fide* resident of the United States Virgin Islands for the tax year 2003.

32. The contract between St. Albans and Apex was a not a step/sham transaction.

---

purposes of this action, Form W-2.

7

33. Mr. Novelly was not an Apex employee for federal income tax purposes for the tax year 2003.

34. Apex was not required to file a Form W-2 for Mr. Novelly with the Service for the tax year 2003

35. Apex was not required to provide Mr. Novelly with a Form W-2 for the tax year 2003.

36. Apex did not intentionally disregard its obligations to file and provide Form W-2 for Mr. Novelly because no such obligation existed.

37. Apex has met all jurisdictional requirements.

38. As a result of the Service's erroneous assessment of the Section 6721 and 6722 penalties against Apex, Apex has been damaged.

## PRAYER FOR RELIEF

WHEREFORE Apex prays for judgment against Defendant United States of America as follows:

- Declaratory relief reversing the Service's assessment that Mr. Novelly was an Apex employee for the tax year 2003;

- Injunctive relief prohibiting the Service from assessing or collecting any additional penalties for tax year 2003 related to Mr. Novelly's purported status as an Apex employee;

- Compensatory damages, plus interest;

- Reasonable attorney's fees, along with all costs and expenses incurred in bringing this Action;

- Such other relief that the Court deems just and proper.

Dated:  August 19, 2015						Respectfully submitted,

    /s/ Deborah A. Weedman
Deborah A. Weedman
8235 Forsyth Blvd., Suite 400
St. Louis, Missouri  63105
Telephone: (314) 854-8506
Facsimile: (314) 889-9603
E-mail: dweedman@weedmanlaw.com

James A. Bruton III
Eric G. Blankenstein
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: jbruton@wc.com
E-mail: EBlankenstein@wc.com
*Pro hac vice pending*

*Counsel for Apex Oil Company, Inc.*